UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


BRAD HELMER, ET AL                                      CIVIL ACTION

VERSUS                                                  NO: 08-3872

EMPIRE FIRE AND MARINE INS.                             SECTION: "S" (2)
CO, ET AL


## ORDER AND REASONS

The Motion for Summary Judgment (Doc. # 29) by defendant Stewart Title of Louisiana, Inc., is **GRANTED**, dismissing plaintiffs' claims against it.

## BACKGROUND

This is a negligence action against defendant Stewart Title of Louisiana, Inc., for its alleged failure to verify that a homeowner's insurance policy was in full force and effect at the time of closing for plaintiffs, Brad Helmer and Brandi Schultz, who were without homeowner's insurance at the time of a fire at their home.[1] Stewart Title moves for summary judgment, arguing that it had no duty to verify insurance.

---

[1] This case was removed by defendant American Security Insurance Company on the basis of diversity and the improper joinder of Stewart Title. Plaintiffs' tacit agreement that Stewart Title was joined improperly can be inferred from their indication to the court at the preliminary conference that there were no jurisdictional issues. Further, plaintiffs have not sought remand based on Stewart Title's citizenship.

On November 10, 2006, plaintiffs purchased a house in Mandeville, Louisiana and executed a mortgage of $319,000 in favor of the original lender, defendant Capital Lending, LLC. The closing occurred at the offices of Stewart Title. On the same day, Stewart Title issued a check for $1,695.99 from the closing proceeds to defendant Empire Fire and Marine Insurance Company for homeowner's insurance through defendant Westwood Insurance Agency. Empire negotiated the check on November 26, 2006. However, days prior to the closing, on November 7, 2006, Empire had sent plaintiffs a notice of cancellation. Empire returned the unused premiums, which plaintiffs accepted. Plaintiffs contend that they were unaware that the policy had been cancelled.

On June 3, 2007, a fire occurred at the home. Plaintiffs filed an insurance claim with Empire, which denied plaintiffs' claim because the policy had been cancelled on December 12, 2006.[2]

## ANALYSIS

### A. Legal Standard

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." *Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. Proc. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. *Celeotex Corp. v. Catrett*, 106 S.Ct. 2548, 2552 (1986).

### B. Motion for Summary Judgment

---

[2]Plaintiff filed a complaint with the Louisiana Department of Insurance against Westwood Insurance Agency, which is also a defendant in this case. Defendant provided the court with a copy of a letter from the department to Westwood, seeking an explanation "why you were cancelling a policy before the house was even bought."

The Supreme Court of Louisiana has noted:

> A threshold issue in any negligence action is whether the defendant owed the plaintiff a duty. Whether a duty is owed is a question of law. In deciding whether to impose a duty in a particular case, the court must make a policy decision in light of the unique facts and circumstances presented. The court may consider various moral, social, and economic factors, including the fairness of imposing liability; the economic impact on similarly situated parties; the need for an incentive to prevent future harm; the nature of defendant's activity; the potential for an unmanageable flow of litigation; the historical development of precedent; and the direction in which society and its institutions are evolving.

*Posecai v. Wal-Mart Stores, Inc.*, 752 So.2d 762, 766 (La. 1999)(citations omitted). *See also generally*, William E. Crawford, 12 Louisiana Civil Law Treatise, Torts, §4.2, at 76-78 (2000).

Plaintiffs allege that defendant Stewart Title erred in the "processing of homeowners insurance" and "failed to properly complete an accurate title and closing." While plaintiffs do not dispute that after closing, Stewart Title forwarded plaintiffs' premium to Empire, they argue that Stewart failed in its duty to verify that the homeowner's policy was in place at the time of closing.

Stewart Title argues that it had no duty to verify insurance at the time of closing. Stewart Title attaches an affidavit from its chief operating officer Sharall Grissen who attests that Stewart Title is a real estate closing company, and not an insurance company or an insurance agency. Grissen further explains that Stewart Title does not provide quotes for insurance policies and does not order, place or obtain insurance policies. Grissen states that Stewart Title assumes the duty to forward payments and documents from the act of sale within a reasonable time after the closing. Grissen states that Stewart Title did not receive notice prior to or after the closing that the insurer was returning the premium to the buyers or that the insurer was cancelling the policy. Stewart Title's

3

first notice of any issues after the closing was when plaintiffs called Stewart Title to confirm that it had paid the insurer the premium. Stewart Title also attaches a copy of its cancelled check to Empire, dated November 10, 2006, showing that it was cashed on November 25, 2006. Defendant's evidence is uncontroverted.

Plaintiffs argue that depositions are being taken, which may produce answers to outstanding issues of fact. Plaintiffs provide no evidence of an inaccurate closing, other than asserting that there was no verification at closing that the homeowner's policy was in place. Further, plaintiffs provide no authority that a title company has the duty to verify insurance at the time of closing.

The court notes that under their mortgage contract, plaintiffs assumed the duty to keep their property insured. The relevant provision of the mortgage provides:

> Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire ...., for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. ...

However, this does not address the question in a tort context whether upon closing Stewart Title owed a duty to plaintiff to verify insurance, which is a threshold question in plaintiffs' suit against Stewart Title. In deciding whether to impose a duty in this case, the court must make a policy decision in light of the unique facts and circumstances presented. *See Posecai,* 752 So.2d at 766.

Stewart Title offers closing services for parties who are buying and selling real estate. As its uncontroverted affidavit illustrates, it is not insurance company, and it does not obtain, bind or procure homeowner's policies for those who are using its services. To create a duty of verification

4

upon a title company which is not in the business of obtaining or binding homeowner's policies would expand its role beyond which is fair, considering the nature of defendant's business. Further, plaintiffs are not without remedy for their allegations of harm arising from the alleged failure to have insurance at the time of the fire because the insurance companies which were involved in the placement and cancellation of the policy are present in this suit. No incentive to prevent future harm is satisfied by extending a duty to verify homeowner's insurance to a title company like Stewart Title, when insurance companies and agents are the entities which procure and verify insurance as part of their business. Further, extending a duty to verify to defendant would tend toward an unnecessary and unmanageable flow of litigation. Under these facts and circumstances, Stewart Title had no duty to verify plaintiffs' homeowner's insurance, as matter of law. *See id.*

The motion for summary judgment is **GRANTED**, dismissing plaintiffs' claims against Stewart Title Inc. of Louisiana.

New Orleans, Louisiana, this 29th day of July, 2009.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**